UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ x
MARLON LEWIS,                                                :
                                                             :
                        Plaintiff,                           :
                                                             :
            v.                                               :    3:25-CV-283 (SFR)
                                                             :
DOCTOR LEE,                                                  :
                                                             :
                        Defendant.                           :
------------------------------------------------------------ x
```

**INITIAL REVIEW ORDER**

Plaintiff Marlon Lewis, who is serving a sentence[1] in the custody of the Connecticut Department of Correction ("DOC") at Garner Correctional Institution ("Garner CI"), has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. Construing Lewis' Complaint liberally, he brings a claim against Defendant Doctor Lee for violation of his Fourteenth Amendment Substantive Due Process and Eighth Amendment Rights. Lewis asserts that Lee violated his rights by prescribing him psychiatric medication that caused him to develop male breasts. Lewis seeks compensatory damages.[2]

---

[1] A court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut Department of Correction ("DOC") website reflects that Lewis' latest admission date was December 5, 2016, he has a detainer for special parole, and his latest sentence was on March 27, 2025. *See* https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=379405 (last visited January 6, 2026).

[2] Lewis does not specify whether he brings this suit against Lee in his individual and/or official capacity, but Lewis solely seeks monetary damages and does not seek injunctive or declaratory relief. Under the Eleventh Amendment, a federal court cannot hold a Department of Correction employee liable in their official capacity for monetary damages, and instead, any claims for monetary damages must be brought against the DOC employee in their individual capacity. *See Kelly v. New York State Unified Ct. Sys.*, No. 21-1633, 2022 WL 1210665, at *1 (2d Cir. Apr. 25,

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). I have thoroughly reviewed all factual allegations in the Complaint and have conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

I.      **BACKGROUND**

In his complaint, Lewis asserts he is suing Lee because Lee tried to convince Lewis that he has a mental health disorder. Compl. 7, ECF No. 1. Lee prescribed Lewis an anti-psychotic medication, Risperidone (Risperdal),[3] which caused him to develop "intrusive thoughts" and "gynecomastia,"[4] a medical condition that causes male breasts. *Id*. Lewis alleges that Lee has kept him on Risperdal "for a long time, with malice and sadistically," and that prescribing him Risperdal is degrading, humiliating, and violates his "rights to refuse

---

2022). Because Lewis is solely seeking monetary damages, I construe his claims against Lee as individual capacity claims.

[3] "Risperidone is a second-generation antipsychotic (SGA) medication used in the treatment of a number of mood and mental health conditions including schizophrenia and bipolar disorder." National Library of Medicine, https://pubchem.ncbi.nlm.nih.gov/compound/Risperidone (last visited December 10, 2025).

[4] "Gynecomastia is an increase in the amount of breast gland tissue in boys or men. An imbalance of the hormones estrogen and testosterone causes it [and it] can affect one or both breasts, sometimes unevenly." Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/gynecomastia/symptoms-causes/syc-20351793 (last visited December 10, 2025).

treatment" and his Eighth Amendment rights. *Id*. He also sues Lee for medical malpractice and seeks monetary damages. *Id*.

## II.     LEGAL STANDARD

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id*. Pro se submissions "must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III.    DISCUSSION

Construed liberally, Lewis' Complaint raises claims against Lee for violation of his Fourteenth Amendment Due Process and Eighth Amendment rights. Thus, I consider whether Lewis has alleged facts to state any plausible claim for damages under Section 1983 for Fourteenth Amendment Due Process and Eighth Amendment violations against Lee. To do so, Lewis must allege facts to reflect that Lee was personally involved in any alleged constitutional violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal quotation marks and citation omitted). This is true with respect to supervisory officials as well.

3

*Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (holding that a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under § 1983, and that "it is not enough for [a plaintiff] to show that [a defendant] was negligent, or even grossly negligent, in her supervision of the correctional officers or in failing to act on the information she had").

      **A.**    **Fourteenth Amendment Substantive Due Process Claim**

          **1.**    **Right to Refuse Treatment**

Lewis alleges that Lee prescribed him anti-psychotic medication in violation of his right to refuse treatment. *See* Compl. at 7. Although Lewis characterizes this claim against Lee as an Eighth Amendment claim, it is properly a substantive Due Process claim for violation of his right to refuse treatment.

Under the Due Process Clause of the Fourteenth Amendment an incarcerated individual "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). This right, however, is not all inclusive. *See id*. at 227. The State is permitted "to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id*.; *see also Fonck v. Allen,* No. 19-CV-1665, 2019 WL 5597739, at *5 (D. Conn. Oct. 30, 2019) (allowing Fourteenth Amendment Substantive Due Process claim to proceed for further development where plaintiff alleged that medication was administered only once against his consent and the court could not determine on initial review whether the situation could be deemed an emergency).

4

Here, Lewis alleges that he has or had been taking Risperdal for a long time even though he attempted to refuse this treatment. *See* Compl. 7. At this juncture, I cannot determine whether Lee prescribed Risperdal to Lewis because he was a danger to himself or others or whether the treatment was in Lewis' medical interest. Therefore, I will permit this claim to proceed for further development of the record based on Lewis' allegation that Lee prescribed him Risperdal in violation of his Fourteenth Amendment Due Process right to refuse treatment.

### 2. Right to Receive Medical Information

Because Lewis also alleges that Lee convinced him that he had a mental health disorder, and he developed male breasts as a result of being prescribed Risperdal, I also construe the complaint as raising a Fourteenth Amendment Due Process claim against Lee for violation of Lewis' right to receive medical information.

The Second Circuit has held that "in order to permit prisoners to exercise their right to refuse unwanted treatment, there exists a liberty interest in receiving such information as a reasonable patient would require in order to make an informed decision as to whether to accept or reject proposed medical treatment." *Pabon v. Wright*, 459 F.3d 241, 249-50 (2d Cir. 2006). To state a claim for the right to receive medical information under the Fourteenth Amendment, "a prisoner must show that (1) government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been so informed; and (3) the officials' failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment." *Id.* at 246. The deliberate indifference element requires the prisoner to show that the defendant withheld information about a drug for the purpose of inducing him to accept the medication. *See id.* at 251, 254; *see also Blaine v. Burnes*, No. 20-CV-1039 (KAD), 2020 WL 5659101, at *5 (D. Conn. Sept. 23,

2020) (allowing claim to proceed on initial review for further development where allegations were sufficient to raise an inference that the defendant nurse knew of "Risperdal's side effects and failed to provide [plaintiff] with that information so as to induce him to continue taking [Risperdal] even after he informed [the nurse] that he wanted to stop due to his concern Risperdal was making his body feel weird").

First, Lewis claims that Risperdal has caused him to develop male breasts. Compl. 7. Given that Lewis alleges that his development of male breasts has caused him humiliation, this allegation is sufficient to raise an inference that he was not aware that Risperdal would produce this side effect. Second, Lewis alleges that his right to refuse treatment was violated. Based on this allegation, I can also infer that Lewis either refused treatment or would have refused treatment had he been informed of Risperdal's side effects. Lastly, because Lewis alleges that Lee convinced him he had a mental health disorder, kept him on Risperdal a long time, and violated his right to refuse treatment, these allegations are sufficient to raise an inference that Lee knew of the adverse side effects of Risperdal and failed to provide Lewis with that information so as to induce him to continue taking Risperdal. Accordingly, Lewis' Fourteenth Amendment Due Process claim for violation of his right to receive medical information may proceed for further development.

## B. Eighth Amendment Claim

I next consider whether Lewis has alleged a plausible Eighth Amendment claim.[5] Lewis alleges that Lee violated the Eighth Amendment by prescribing him Risperidone, which caused

---

[5] A court may take judicial notice of state court records. *Velasco v. Gonclavez*, No. 21-CV-1573, 2022 WL 19340, at *2, n.2 (D. Conn. Jan. 3, 2022). A review of the Connecticut State Court records shows a December 2, 2016 arrest and a resulting October 26, 2017 conviction for which he was sentenced to "3 years jail, Special Parole 7 years." *See*

him to develop male breasts, and keeping him on it "for a long time." Lewis asserts Lee acted "sadistically" and with "malice," and Lee's actions amounted to "unusual cruelty" and "unnecessary torture and punishment," caused "humiliation," and were "degrading [] towards humanity and dignity, and respect." Compl. 7.

Malicious and sadistic harm imposed by prison officials violates the Eighth Amendment. Thus, prescribing medication for the purpose of imposing harm—rather than for a legitimate medical purpose—would violate the Eighth Amendment. *See Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) (stating that a prison doctor taking action "solely for the purpose of causing [plaintiff] unnecessary pain" would violate the Eighth Amendment); *cf. Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (stating that "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident"). Accordingly, Lewis' Eighth Amendment claim

---

https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=ae07fb93-9f22-4d81-96c9 b6b7a2ee130d (last visited December 10, 2025). This Court has held that conditions of confinement claims by an individual on special parole should be assessed under the Eighth Amendment. *See Walker v. Doe 1*, No. 23-CV-1469, 2024 WL 406299, at *4 (D. Conn. Feb. 2, 2024); *see also Rice v. McDonald*, No. 21-CV-1563, 2022 WL 124270, at *2 (D. Conn. Jan. 13, 2022) (concluding deliberate indifference claims by an individual on special parole should be analyzed under the Eighth Amendment). Here, Lewis does not indicate when Lee first prescribed him psychiatric medication nor the time frame when he began to develop male breasts. Nevertheless, I can reasonably infer that Lewis was serving a sentence of special parole at the time he was allegedly prescribed psychiatric medication and developed male breasts. Lewis was sentenced to three years jail and seven years special parole, so even calculating the start of his sentence from his offense date of December 2, 2016, he would have been on special parole until at least February 25, 2025, the date he filed his Complaint. Therefore, his claim that Lee prescribed medication for the purpose of harming him will be analyzed under the Eighth Amendment.

for prescribing medication for the purpose of imposing harm may proceed for further development.[6]

## IV. **CONCLUSION**

For the foregoing reasons, I conclude as follows:

(1) Lewis may proceed on the following individual capacity claims for:

    a. Fourteenth Amendment Due Process right to refuse treatment claim against Defendant Lee for further development of the record; and

    b. Fourteenth Amendment Due Process claim against Defendant Lee for violation of his right to receive medical information.

    c. Eighth Amendment claim against Defendant Lee for prescribing medication for the purpose of imposing harm.

(2) All other claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

(3) The Clerk shall verify the current work addresses for Defendant Lee with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint to Lee at Lee's confirmed addresses within twenty-one

---

[6] Lewis also states that he is suing Lee for medical malpractice. Compl. 7. At this juncture, I limit my "review for purposes of 28 U.S.C. § 1915A to federal-law claims because the core purpose of an initial review order is to make a speedy initial screening determination of whether the lawsuit may proceed at all in federal court and should be served upon . . . the named defendant[]." *Raynor v. Trumell*, No. 3:24-CV-1270 (KAD), 2025 WL 2625246, at *2 n.1 (D. Conn. Sept. 11, 2025). If there are no facially plausible federal-law claims against any of the named defendant, then I would decline to exercise supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367. However, if there are any viable federal-law claims that remain, then the validity of any accompanying state-law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment.

days of this Order, **January 28, 2026** and report on the status of the waiver request on the thirty-fifth day after mailing. If Lee fails to timely return the waiver request, the Clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service, and Lee shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d). The clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs. Once service has been effected on Lee, the court will issue a Scheduling Order setting deadlines for Lee to respond to the Complaint, for discovery, and for the filing of dispositive motions.

**Changes of Address**. If Lewis changes his address at any time during the litigation of this case, Local Rule 83.1(c) provides that he **MUST** notify the court. Failure to do so may result in the dismissal of the case. He must give notice of a new address even if he is incarcerated. Lewis should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Lewis has more than one pending case, he should indicate all the case numbers in the notification of change of address. Lewis should also notify Defendant or counsel for Defendant of his new address.

**Prisoner Electronic Filing Program.** While incarcerated, Lewis shall use the Prisoner Electronic Filing Program when filing documents with the court. He is advised that the Program may be used only to file documents with the court. Local rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R 5(f). Therefore, discovery requests must be served on Defendant's counsel by regular mail.

**SO ORDERED.**

New Haven, Connecticut
January 7, 2026

                                              /s/*Sarah F. Russell*
                                              SARAH F. RUSSELL
                                              United States District Judge